IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

JAVON GARDNER                                                                               PLAINTIFF

v.                                         NO: 3:17CV0298 JLH

EDDIE WEEMS                                                                                DEFENDANT

**ORDER**

Plaintiff Javon Gardner, currently in custody at the Poinsett County Detention Center, filed a motion to proceed *in forma pauperis* (IFP), which was granted, and a *pro se* complaint pursuant to 42 U.S.C. § 1983. Documents #1, #2, #3.

I. Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B). Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...."). While construed liberally, a *pro se* complaint must contain enough facts to state

a claim to relief that is plausible on its face, not merely conceivable. *Martin v. Sargent*, 780 F .2d 1334, 1337 (8th Cir. 1985).

## II. Analysis

Gardner alleges that on August 24, 2017, Trumann Police Officer Eddie Weems acted on a personal vendetta by unlawfully arresting Gardner and charging him with domestic battery, as well as attempting to seduce Gardner's girlfriend. Document #2. Gardner maintains that he is not guilty of the pending state charges against him. *Id*., at 7. He seeks damages. *Id*., at 4.

Gardner's claims against Weems should be stayed. In *Younger v. Harris,* 401 U.S. 37, 43-45, 91 S. Ct. 746, 750-51, 27 L. Ed. 2d 669, 675-76 (1971), the Supreme Court held that federal courts should abstain from interfering in ongoing state proceedings. The Court explained the rationale for such abstention as follows:

> [The concept of federalism] represent[s] . . . a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States.

401 U.S. at 44, 91 S. Ct. at 750, 27 L. Ed.at 676.

The *Younger* abstention doctrine is appropriate where: (1) there is an ongoing state proceeding; (2) an important state interest is implicated; and (3) the plaintiff has an avenue for reviewing his constitutional claims in state court. *Yamaha Motor Corp. v. Stroud,* 179 F.3d 598, 602 (8th Cir. 1999); *Yamaha Motor Corp. v. Riney,* 21 F.3d 793, 797 (8th Cir. 1994). Here, Arkansas has an important interest in adjudicating the charges against Gardner, and he may raise the issue of his alleged unlawful arrest before the state court. Gardner has not pled any extraordinary circumstances that would warrant intervention in the state proceedings. *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n,* 457 U.S. 423, 435, 102 S. Ct. 2515, 2523, 73

L. Ed. 2d 116, 126 (1982). When, as here, a plaintiff seeks damages, his case should be stayed under *Younger*, rather than dismissed. *Night Clubs, Inc. v. City of Fort Smith,* 163 F.3d 475, 481-82 (8th Cir. 1998). Accordingly, Gardner's complaint should be stayed and administratively terminated until the criminal charges against him have been fully resolved.

### III. Conclusion

1. The Clerk of the Court is directed to stay and administratively terminate this proceeding pending final disposition of Gardner's criminal charges.

2. This case is subject to reopening upon Gardner's filing of a motion to reopen the case after such final disposition.

3. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal of this order would not be taken in good faith.

IT IS SO ORDERED this 6th day of November, 2017.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE