# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

JAVON GARDNER                                                      PLAINTIFF

v.                                   NO: 3:17CV0298 JLH

EDDIE WEEMS                                                     DEFENDANT

## ORDER

Plaintiff Javon Gardner, currently in custody at the Greene County Detention Center,[1] filed a motion to proceed *in forma pauperis* (IFP), which was granted, and a *pro se* complaint pursuant to 42 U.S.C. § 1983. Documents #1, #2, & #3.

On November 6, 2017, the Court stayed Gardner's case pursuant to *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971). Document #4. The Order staying Gardner's case provided that the action was subject to reopening upon motion by Gardner after the final disposition of his pending state-court criminal charges. *Id*.

On February 27, 2018, Gardner filed a motion to reopen this case; his motion was granted. Documents #5 and 6. The Court will now proceed with screening Gardner's claims. *See* 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B).

### I. Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief

---

[1] Gardner was in custody at the Poinsett County Detention Center at the time he filed his complaint. Documents #1 and 2.

against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B). Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...."). While construed liberally, a *pro se* complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Martin v. Sargent*, 780 F .2d 1334, 1337 (8th Cir. 1985).

## II. Analysis

Gardner alleges that on August 24, 2017, Trumann Police Officer Eddie Weems acted on a personal vendetta by unlawfully arresting Gardner and charging him with domestic battery, as well as attempting to seduce Gardner's girlfriend. Document #2. Gardner, who maintained his innocence, apparently was in custody for six months at the Poinsett County Detention Center in connection with his August 24, 2017 arrest. *Id*., at 7; Document # 5. He seeks damages. *Id*., at 4.

To the extent that Gardner brings claims against the Trumann Police Department (Document #5), those claims must be dismissed. The Trumann Police Department is not an entity subject to suit in a § 1983 action. *Ketchum v. City of West Memphis, Arkansas*, 974 F.2d 81, 82 (8th Cir. 1992).

To the extent that Gardner sued Weems in his official capacity, those claims also must be dismissed. Documents #2 and 5. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels*

*Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). To establish municipal liability, a plaintiff must prove that a policy, practice, or custom attributable to the municipality caused the constitutional injury. *See id.* Because Gardner has not alleged that any policy, practice, or custom was the moving force behind the alleged violation of his protected rights (Documents #2 and #5), he has failed to state a claim for relief as to any official capacity claim.

For screening purposes only, the Court concludes that Gardner has stated a claim on which relief may be granted as to Eddie Weems in his personal capacity. The clerk is directed to prepare a summons for Weems. The U.S. Marshal is directed to serve the summons, complaint (Document #2), motion to reopen case (Document #5), and this Order on him without prepayment of fees and costs or security. Weems should be served through the Trumann Police Department, 221 Melton Avenue, Trumann, Arkansas 72472.

IT IS SO ORDERED this 26th day of March, 2018.

                                                                                  _____
                                                                                  J. LEON HOLMES
                                                                                  UNITED STATES DISTRICT JUDGE